ORR & LINDSLEY V. S. V. MOORE ET AL.

(No. 1389, Op. Book No. 3, p. 518.)

APPEAL from Kaufman County. Opinion by HURT, J.

§ 587. *Injunction; where there are several defendants, should not be dissolved on answer of but one, where fraud is charged in the bill.* The rule is, where fraud is charged in the bill against several parties, the answer

must be made by *all* the defendants. "Courts of equity are usually more strict in requiring a positive answer from *all* the defendants, before dissolving any injunction granted on the ground of *fraud*, than in ordinary cases. And when the bill implicates two defendants in the same charge of fraudulent conduct, the court will require the answers of both defendants before granting a motion to dissolve." [High. on Injunc. (2d ed.) § 1532.]

§ 588. *Creditors; several may join in bill for injunction, when, etc.* That several creditors may join in filing a bill for injunction, when they have similar rights with respect to the property of their debtor, is no longer an open question. Indeed, to prevent a multiplicity of suits, this course should be commended. Such a bill is not multifarious, for it relates to but one subject matter. [Bump on Fraud. Conv. 533, 534.]

§ 589. *Void judgment; injunction against, by attaching creditors.* Appellee S. V. Moore sued one Carelock in the county court on two promissory notes, amounting, in the aggregate, exclusive of interest, to the sum of $1,059.10, and sued out an attachment, which was levied upon Carelock's goods. Moore obtained a judgment for the full amount of his claim, and for a foreclosure of his attachment lien. Appellants, and other creditors of Carelock, joined in a suit for an injunction to restrain the sale of the property attached by Moore, alleging that Moore's judgment was void for want of jurisdiction, and was fraudulent, and obtained for the purpose of hindering, delaying and defeating the creditors of Carelock; and that Carelock was insolvent, and the property levied upon was the only property subject to his debts, and was not more than sufficient to satisfy their claims. That they had filed suits upon their claims against Carelock, and had acquired attachment liens upon the property in controversy, etc. The court below, upon exceptions made by appellees to the bill, dissolved the injunction previously granted, and dismissed the bill. *Held*, the judgment obtained by Moore against Carelock,

and upon which his claim to the property depended, was absolutely void, because the county court had no jurisdiction of the amount in controversy. Injunction was the proper remedy of the creditors under the circumstances of this case, and their bill showed such equity as entitled them to the relief prayed for. The court erred in dismissing the bill. An analogous case to this is Heyneman v. Dannenberg, 6 Cal. 376.

November 8, 1882.    Reversed and remanded.